IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WALTER STUART MCLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | 5:06-cv-00629-JFG-JEO |
| ) | |
| WARDEN CHERYL PRICE and THE ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person sentenced to fifteen years incarceration following his probation revocation related to his original conviction in 1999 on the charge of escape.  *See* 28 U.S.C. § 2254.  Upon consideration, the court finds that the petition is due to be dismissed because it is barred by the applicable statute of limitations.

## FACTUAL BACKGROUND

The petitioner, Walter Stuart McLin, was charged with escape in the Circuit Court of Morgan County.  (Ex. 1).[1]  He pled guilty to the charge on April 7, 1999.  He was sentenced to a term of fifteen years custody.  He was placed on probation.  His probation supervision was transferred to Limestone County.  He was subsequently arrested on a probation violation charge premised on an additional charge of possessing a controlled substance in Limestone County.  His probation was revoked at a hearing on October 8, 2003, in Morgan County.  *Id*.  He was sentenced to serve the original fifteen year sentence.  *Id*.  Following his revocation hearing and

---

[1] References herein to "Ex. ___" are to the respondents' exhibits located with their answer at document 8 in the court's record.

sentencing in Morgan County, the drug charge in Limestone County was dismissed. *Id*. The petitioner's current incarceration is a consequence of that revocation proceeding.

The petitioner did not appeal his 1999 escape conviction and sentence. He did file a post-conviction petition pursuant to Rule 32,[2] challenging his probation revocation on January 11, 2004. (Ex. 1 at 1-18). Therein, he asserted that the evidence at the revocation hearing was not adequate, the drug charge was dismissed, and the court failed to adequately state the reason for the revocation. *Id*. at 5-19. The trial court dismissed the petition on February 13, 2004. *Id*. at 2. The petitioner appealed the dismissal. The Alabama Court of Criminal Appeals affirmed the dismissal on May 21, 2004. (Ex. 6). A certificate of judgment was issued by the Court on June 9, 2004. (Ex. 7).

The present petition was filed with this court on March 30, 2006. (Petition at 1). In the petition, McLin alleges that his 1999 escape conviction is invalid because (1) the trial court was without jurisdiction in that (a) he was not properly arrested and arraigned, (b) the trial court failed to show that there was an adequate basis for the plea, (c) he did not admit the offense conduct, and (d) the indictment is defective; and (2) his sentence exceeds the statutory maximum. *Id*. at 5 and Attachment. The respondents were required by this court to appear and show cause why the requested relief should not be granted. In response to the court's order, the respondents filed an answer in which they assert, among other things, that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Response at 5).[3] The parties were advised

---

[2]ALA. R. CRIM. P. 32.

[3]The response is located at document 8.

2

that the respondents' answer would be treated as a motion for summary disposition pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. (Doc. 9). The petitioner has filed a response to the answer. (Reply).[4]

## DISCUSSION

AEDPA, which was effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner was sentenced on April 9, 1999. His conviction became final for purposes

---

[4] The petitioner's "Traverse" is located at document 11.

of the statute of limitations forty-two (42) days thereafter on or about May 21, 1999.  *See* ALA. R. APP. P. 4.  Accordingly, he had until May 21, 2000, to file his federal habeas corpus petition.  This he failed to do.  His present petition is therefore barred by the applicable statute of limitations.[5]

## CONCLUSION

Premised on the foregoing, the present petition is barred from review by 28 U.S.C. § 2244(d).  It is therefore due to be dismissed with prejudice.  An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this Memorandum Opinion upon the petitioner and counsel for the respondents.

DONE and ORDERED 20 February 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[5] The petitioner's probation revocation proceeding does not assist him in the statute of limitations calculation for two reasons.  First, he is not challenging that proceeding.  He challenges the original conviction.  Second, the statute of limitations period expired before the revocation proceeding.